# Kauffman *v.* Central Railroad Company of New Jersey, Appellant.

*Carriers—Common carriers—Injury to goods—Evidence—Case for jury.*

In an action against a railroad company to recover damages for injury to a case of shirt waists, the case is for the jury where the evidence tends to show that when the goods left plaintiff's factory, they were fresh, clean and unsoiled; that they were properly packed in a dry and well-prepared box; that they were hauled a short distance from the factory to defendant's station on a clear day; that according to the station agent's testimony the case was dry and in good condition; that there was an unexplained and unusual delay of one day in the arrival of the goods; and that it rained during this day while the case was in possession of the carrier.

Argued Oct. 6, 1909. Appeal, No. 12, Oct. T., 1909, by defendants, from judgment of C. P. No. 5, Phila. Co., March T., 1907, No. 4,500, on verdict for plaintiffs in case of Louis Kauffman and Louis Harris, trading as Kauffman & Harris, v. Central Railroad of New Jersey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to a case of shirt waists. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $456.75. Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for defendants.

*Arthur G. Dickson,* with him *John G. Lamb,* for appellants.— Any presumption that might have arisen from the receipt of defendants' agent for the case in apparent good order at Rosenhayn station, was met and overcome by the delivery of the same, in like apparent good condition, by the Atlantic City Railroad Company, a connecting carrier, to the plaintiffs' driver at Philadelphia.

Proof of the condition of the goods when they are delivered to one carrier is not proof of their condition when delivered to the connecting carrier in a suit against the latter. This rule has been very well stated by CAMPBELL, J., in the case of Railroad Company v. Kirkwood, 45 Mich. 51 (7 N. W. Repr. 209). See also the case of Marquette, etc., Railroad Company v. Langton, 32 Mich. 251.

If there is no proof on the part of the plaintiffs as to the condition of the goods when delivered to the carrier, the presumption is that they were in the same condition when so delivered by the carrier to the consignee: St. Louis, etc., R. R. Co. v. Neel, 56 Ark. 279 (19 S. W. Repr. 963).

The dampness of the case in spots on the outside, two days afterwards, showed conclusively that it came from the wet condition of the contents, as that is just what would have been bound to happen if wet goods were placed in a dry case, and it explained the testimony that the outside of the case was dry while in the carriers' possession.

When the testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief. If they do so, it is the duty of the court to set the verdict aside: Lonzer v. R. R. Co., 196 Pa. 610; Devlin v. Light Co., 198 Pa. 583; Heh v. Gas Co., 201 Pa. 443; Cromley v. R. R. Co., 211 Pa. 429; Keiser v. R. R. Co., 212 Pa. 409; John Hancock Ice Co. v. R. R. Co., 224 Pa. 74; Dunham v. McMichael, 214 Pa. 485.

*Henry N. Wessel*, with him *Alfred Aarons*, for appellees.— It having been shown that the goods were in good condition when packed—it will be presumed that such condition continued until the contrary is established: Smith v. Railroad Co., 43 Barb. 225; Bread v. Ry. Co., 79 Iowa, 518 (44 N. W. Repr. 800); Laughlin v. Railway Co., 28 Wis. 204; Dixon v. Railroad Co., 74 N. C. 538; Railroad & Banking Co. v. Bayer, 91 Ga. 115 (16 S. E. Repr. 953).

If for any reason an injurious accident happens to or by

reason of that which the carrier provides for the transportation, the law which imposes the exercise of the utmost care upon him, presumes the accident to be due to the manner of that care and puts upon him the duty of successfully relieving himself from that presumption: Trace v. Penna. R. R. Co., 26 Pa. Superior Ct. 466; Rhymer v. R. R. Co., 27 Pa. Superior Ct. 345; Gross v. Express Co., 35 Pa. Superior Ct. 467; The T. A. Goodard, 12 Fed. Repr. 174.

OPINION BY HEAD, J., March 3, 1910:

The argument of the learned counsel for appellant aims to sustain the proposition that the evidence produced at the trial left no material question of fact to be submitted to the jury. The prayer for binding instructions and the subsequent motion for judgment notwithstanding the verdict put the defendant in the attitude of demurring to the whole of the evidence. The propriety of the action of the learned trial court in submitting the case to the jury must therefore be determined rather by a review of the testimony than by a discussion of legal principles concerning which the parties are not at variance.

That the goods of the plaintiff which had been transported by the defendant company reached the former in a damaged condition is admitted. The evidence excludes the idea that such injury could have occurred in the brief period of time while the goods were being hauled from the dock or pier in Philadelphia to the place of business of the plaintiffs. There would seem, then, to be room for but one of two theories, to wit, that the goods were damaged before they reached the agent of the defendant at the shipping point in New Jersey, or else that the loss occurred while the goods were being transported by the defendant.

The property consisted of about thirty-eight dozen of shirt waists. They were manufactured and packed for shipment at a factory in New Jersey about thirty miles from Philadelphia and from two to three miles from Rosenhayn station where they were delivered to the defendant carrier. According to the testimony of several witnesses the goods were clean, new and fresh when they were packed at the factory on the morning

of October 3, 1906. They were packed in a substantial wooden case which was first lined with paper and then securely nailed, properly marked with the name and address of the plaintiffs and turned over to a drayman or expressman to be delivered to the railroad company at the station named. The agent of the defendant company, called by the defendant, testified that the case was received by him at the station platform about one o'clock in the afternoon of the same day; that the weather was fine, and that "the condition of the case was dry—in good condition."

The testimony produced by the defendant tended to establish that the case was duly loaded on a car attached to a train which left the shipping station at about half past three. The car is then traced along its route until it finally arrived on a float at the dock or pier of the defendant company on the Philadelphia side of the river at about half past two in the morning of October 4. There is testimony that goods consigned to the plaintiffs from that factory were usually received on the day following shipment; that the plaintiffs, needing the goods, and being advised of their shipment, made inquiry on the 4th concerning the arrival of the goods, and were informed by the defendant that no such goods had arrived. Notice of the arrival of the case was sent to the plaintiffs about noon on the following day, the 5th. It was at once hauled to their premises in the manner already stated, when it was found that the case itself was damp and wet. Upon opening it the goods were found to be wet, damaged, and badly soiled, apparently from the action of water operating on the mixture of lampblack and turpentine used in marking the case on the outside with the name and address of the consignee. As already stated, there is no dispute as to the fact of the damage or the extent of the plaintiffs' money loss.

The plaintiffs' right to recover the amount of this loss from the defendant undoubtedly was dependent on their ability to produce evidence tending to establish the fact that the goods were delivered to the carrier in good condition. But in order to successfully carry this burden, it was not of course necessary to show by direct evidence the condition of the goods at the

precise moment when the agent of the defendant received it. It would be impracticable if the rule of the law would be satisfied with nothing less than such direct positive proof. There is abundant evidence that both case and contents were in perfect condition when they left the factory. The distance from factory to station was short; the day was fine; the testimony of the defendant's agent as to the appearance of the case upon its arrival at the station was sufficient to warrant the jury in inferring that it had not been subjected to contact with water in that brief period. As already stated, the package, which under these conditions was delivered to the defendant early in the afternoon of October 3, and which, as it contends, reached its dock in Philadelphia early in the morning of the 4th, was not turned over to the plaintiffs until noon or afternoon of the 5th. Where it had been in the meantime, to what conditions of weather it had been exposed, the evidence does not with anything like certainty disclose. It is reasonably certain that immediately after the case left the dock or pier, where it must have been for considerably over a day, it was found to be damp and wet, whilst the condition of its contents was as we have already stated.

The existing conditions might have occurred if the goods had been originally placed in the case wet, soiled and damaged. In that event the dampness on the outside of the case would be the effect of the conditions within. That this was the theory of the defendant throughout the case is shown by the following extract from the printed argument of its learned counsel: "The dampness of the case in spots on the outside two days afterwards showed conclusively that it came from the wet condition of the contents, as that is just what would have been bound to happen if wet goods were placed in a dry case." For the purpose of inducing the jury to adopt that theory of the case, the argument would be more or less persuasive. But in support of a point for binding instructions or a judgment n. o. v., it is an argument against the fact.

For the purpose of correctly disposing of the question now before us we must assume the truth of the testimony of the witnesses who declared that the goods were fresh, clean and

unsoiled when they were properly packed in a dry and well prepared box. There was great difficulty, therefore, in escaping the other inference drawn by the jury from the facts in evidence, viz., that the injury to the goods inside the case was the effect, not the cause.

Taking then the condition of the case when it arrived, the unexplained and unusual delay in its arrival, the fact that it had rained during the day while the case was in the possession of the defendant carrier, that the goods had been freshly packed · in proper condition but a short time before they were delivered to the carrier, and that the agent of the latter testified that the case was received on a fine day, dry and in good condition, we feel obliged to say that there was evidence which warranted the submission of the case to the jury and sustained the conclusion reached by that tribunal. This being true, the assignments of error must be overruled and the appeal dismissed.

Judgment affirmed.